# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MOHINDER SINGH,
     #1029496
          Plaintiff,                      3:10-cv-00567-ECR-RAM

vs.
                                          **ORDER**
REX REED, *et al.*,
          Defendants.

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1  To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued Rex Reed, caseworkers Rogelio A. Herrera and Mrs. Crone, Warden Jack Palmer, and Nevada Department of Corrections ("NDOC") Director Howard Skolnik. Plaintiff alleges violations of his Fourteenth Amendment due process rights.

Plaintiff claims that Herrera classified him as a sex offender, despite the fact that he has never been convicted of any sex offense. Warden Palmer and Director Skolnik have denied his grievances, and the classification committee has refused to change his status. Defendant Crone told plaintiff that he has "no further access to the grievance system and any further action would result in disciplinary action." Plaintiff states that this incorrect classification has affected his eligibility for parole, minimum custody and house arrest.

First, while plaintiff names Rex Reed, administrator of the Offender Management Division, as a defendant, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not describe any specific actions by Reed, nor does he allege that Reed had knowledge of or participated in any alleged civil rights violation. Defendant Reed is dismissed from this action.

With respect to plaintiff's due process claims, "[p]risoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law holding that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87.

In the case of an inmate who was incorrectly classified as a sex offender, this court previously has found that such classification resulted in atypical and significant hardship sufficient to invoke the procedural protections of the due process clause. *Kritenbrink v. Crawford*, 457 F.Supp.2d 1139, 1149 (D. Nev. 2006). The Ninth Circuit has detailed what process is due when classifying an inmate as a sex offender. *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997). In *Neal v. Shimoda*, the court emphasized that the prisoner must receive: (1) a prior hearing with the ability to call witnesses and present documentary evidence, (2) advance written notice of the prior hearing, and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the inmate's classification as

a sex offender. *Id*. at 830.  Plaintiff alleges that he has been labeled a sex offender and has been denied a hearing with advance written notice, at which he may present witnesses and documents and after which he receives a statement of the fact-finder's decision.  Plaintiff states a Fourteenth Amendment due process claim against the remaining defendants.

Finally, the court advises plaintiff that documents that he has filed styled "notice" or "letter" are improper *ex parte* communications with the court.  Local Rule 7-6(a).  The court does not conduct litigation by letter.  If plaintiff seeks action by the court, including appointment of counsel, he shall file a motion.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-2).

**IT IS FURTHER ORDERED** that plaintiff's claims against Rex Reed are dismissed. Defendant Reed is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claims **MAY PROCEED** against the remaining defendants.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of

Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

    4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

    5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

    **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

    **IT IS FURTHER ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #7) is **DENIED** as moot because the full filing fee has been paid (*see* docket #8).

    **IT IS FURTHER ORDERED** that the following documents filed by plaintiff shall be **STRICKEN**: "Notice regarding correspondence to defendants" (docket #3); "letter to clerk with copy of business license card attached" (docket #4); and "letter to clerk re physical/mental health concerns and requesting appointment of attorney" (docket #6).

    DATED this 15th day of December, 2010.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____
_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,  )   Case No. _____
                Plaintiff,    )
                              )
v.                            )   **NOTICE OF INTENT TO**
                              )   **PROCEED WITH MEDIATION**
_____   )
                              )
_____   )
                Defendants.   )
_____   )

This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

7

4.  List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
    _____
    _____
    _____
    _____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).
    _____
    _____
    _____
    _____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document